UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| CHRIS POWELL, ) ) Movant ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent ) | Civil No. 05-45-B-W Criminal No. 03-61-B-W |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Chris Powell has filed a motion pursuant to 28 U.S.C. § 2255 seeking relief from his federal sentence for a firearms violation. Powell raises one ground: Powell charges his attorney with delivering ineffective assistance of counsel in failing to object to the propriety of sentencing Powell under 18 U.S.C. § 924(e) based, in part, on an eluding a police officer offense that Powell argues was not a violent felony as defined by § 924(e)(2)(B). For the following reasons, I recommend that the Court **DENY** Powell 28 U.S.C. § 2255 relief.

*Discussion*

Subsection (e)(2)(B) of § 924 provides that:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

In its response to Powell's motion the United States argues that if Powell's eluding a police officer offense does not qualify under subsection (i) it would meet the "presents a serious potential risk of physical injury to another" of subsection (ii).

It is clear that this Court must take a categorical approach when analyzing whether Powell's offense is a "crime of violence" within the meaning of § 924(e). See Shepard v. United States, __ U.S. __, __, 125 S. Ct. 1254, 1257 (2005); Taylor v. United States, 495 U.S. 575(1990); United States v. Winn, 364 F.3d 7 (1st Cir. 2004).[1]  Powell's conviction was pursuant to 29 M.R.S.A. § 2501-A (1992) which provided, in part:

> Eluding an officer; written policies. Whoever, after being requested or signaled to stop, attempts to elude a law enforcement officer by driving a vehicle at a reckless rate of speed, which results in a high-speed chase between the operator's vehicle and any law enforcement vehicle using a blue light and siren is guilty of a Class C crime. If any person suffers any serious bodily injury, as defined in Title 17-A, section 2, subsection 23, as a result of the operator's attempt to elude a law enforcement officer as described in this section, that operator commits a Class B crime.

29 M.R.S.A. § 2501-A (¶ 3) (1992) (repealed); see 29-A M.R.S.A. § 2414 (2005). .

Following the lead of United States v. James, 337 F.3d 387, 389 -91 (4th Cir. 2003), United  States v. Martin, 378 F.3d 578, 581-84 (6th Cir. 2004), and United States v. Howze, 343 F.3d 919, 921 -22 (7th Cir. 2003)/United States v. Rosas, __ F.3d _, __, 2005  WL 1243366, *2 -3 (7th Cir. May 19,  2005) which have arrived at the same conclusion addressing convictions under analogous state statutes, I conclude that Powell's

---

[1]  The United States cites to United States Sentencing Guideline § 4B1.2(a) and its definition of "Crime of violence."  Powell was sentenced as an Armed Career Criminal under 18 U.S.C. § 924(e).  The First Circuit has made it clear that the Taylor Armed Career Criminal analysis is analogous to the crime of violence analysis apropos the sentencing guidelines.  See, e.g., Winn, 364 F.3d at 9 n.1.

eluding police offense was properly used as a predicate for his 18 U.S.C. § 924(e) sentence.[2] Flowing from that conclusion is the determination that Powell's attorney did not deliver ineffective assistance within the meaning of Strickland v. Washington, 466 U.S. 668 (1984).[3]

### *Conclusion*

For the above reasons I recommend that the Court **DENY** Powell's 28 U.S.C. § 2255 motion.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated June 9, 2005

---

[2] Recently this Court has observed that eluding an officer is a "crime of violence" in analyzing a defendant's argument that his criminal history category overrepresented the seriousness of his criminal history. See United States v. Frappier, Crim. No. 05-12-B-W, Sentencing Order at 5 (June 8, 2005).

[3] The United States argues that Powell procedurally defaulted this claim because he did not raise it at sentencing or on direct appeal. However, ineffective assistance of counsel claims are seldom properly raised on direct appeal, see Massaro v. United States, 538 U.S. 500, 508-09 (2003); United States v. Downs-Moses, 329 F.3d 253, 264-65 (1st Cir. 2003), let alone at sentencing.